UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent<br><br>v.<br><br>JASON JAMES MARTIN,<br><br>　　　　　Defendant-Movant. | Case No. 1:15-cv-00298-BLW<br>　　　　　1:14-cr-00049-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Jason James Martin's ("Martin") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1). Having reviewed the Motion and the underlying record, the Court enters the following Order directing Martin to file an Amended § 2255 Motion.

# BACKGROUND

Martin pleaded guilty to conspiracy to distribute methamphetamine. The Court imposed a sentence of 87 months to be followed by three years of supervised release, and Judgment was entered on September 18, 2014. *Judgment*, Crim. Dkt. 70. Martin did not appeal his sentence or conviction. On July 31, 2015, Martin timely filed the pending § 2255 Motion.

**MEMORANDUM DECISION AND ORDER - 1**

**STANDARD OF LAW**

1. **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In order to proceed on a § 2255 motion, the movant must make "*specific factual allegations* that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citation omitted) (emphasis added). "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

2. **Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v.*

*Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision,* 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether counsel's assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth

**MEMORANDUM DECISION AND ORDER - 3**

Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

## DISCUSSION

In his Motion, Martin merely alleges that counsel was ineffective for failing to provide discovery and failing to investigate his case. *§ 2255 Motion* at 4. The applicable procedural rules require that a § 2255 motion state, among other things, the facts supporting each ground for relief as well as the relief requested. *Rule 2(b), Rules Governing Section 2255 Proceedings*. In contravention of the rule, not only did Martin fail to provide any factual support whatsoever for his allegations of ineffective assistance of counsel, he does not identify the relief he seeks. Furthermore, Martin does not allege what prejudice he suffered as a result of counsel's alleged ineffectiveness.

As stated above, conclusory allegations are insufficient to state a claim of relief for ineffective assistance of counsel. Rather, a movant must allege specific facts which, if proven, would entitle him to relief. Such facts would include, but not be limited to, conversations with counsel regarding discovery and investigation, what further investigation would have revealed, and how the result would have been different had counsel provided him with discovery or conducted an investigation.

Martin's § 2255 Motion is subject to dismissal for failure to comply with Rule 2 of the Rules Governing Section 2255 Proceedings and relevant case law. However, recognizing that Martin is proceeding *pro se*, the Court will allow him to file an amended

§ 2255 Motion.  Only if he does so will the Court direct the Government to respond.  *See Rule 4(b), Rules Governing Section 2255 Proceedings.*

### ORDER

**IT IS ORDERED** that Jason James Martin file an Amended § 2255 Motion addressing the deficiencies noted above within thirty (30) days of the date of this Order. Failure to do so will result in dismissal of his now pending § 2255 Motion (Civ. Dkt. 1) without further notice.



DATED: September 22, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**